# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SHIRLEY EILEEN SCHMITT, <br><br> Defendant. | No. 12-CR-4076-DEO <br><br> RULING ON DEFENDANT'S MOTION TO ACQUIT |

On May 16, 2013, a jury convicted the Defendant, Shirley Schmitt [hereinafter Ms. Schmitt], of Conspiracy to Manufacture and Distribute 50 Grams or More of Methamphetamine. The same jury also convicted Ms. Schmitt of Possession of Pseudoephedrine. On May 21, 2013, Ms. Schmitt filed a Motion for a Judgment of Acquittal, or in the alternate, a Motion for a New Trial. Docket No. 111. The parties' appeared for a hearing on the Defendant's Motions on June 14, 2013. After considering the parties' arguments, the Court took the matter under advisement and now enters the following.

## I. ISSUES

Ms. Schmitt, makes two primary arguments. First, she argues that she should be acquitted pursuant to Rule of

Criminal Procedure 29, because the Jury's verdict was based on 'speculation and surmise.' Second, Ms. Schmitt argues that she is entitled to a new trial because the Court improperly admitted pseudoephedrine logs into evidence.

**II. STANDARD**

    **A. Motion for Acquittal**

Federal Rule of Criminal Procedure 29 provides in relevant part as follows:

> The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses...The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed. R. Crim. P. 29(a)-(b). It is well-settled that "[j]ury verdicts are not lightly overturned." United States v. Hood, 51 F.3d 128, 129 (8th Cir. 1995). The case law governing motions for judgment of acquittal, pursuant to Federal Rule of

Criminal Procedure 29, imposes a significant constraint on the district court's authority to overturn a jury's verdict. See United States v. Perkins, 94 F.3d 429, 436 (8th Cir. 1996) ("'[t]he standard of review of an appeal concerning the sufficiency of the evidence is very strict, and the verdict of the jury should not be overturned lightly.'"). The Eighth Circuit Court of Appeals has instructed that "[t]he jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Moore, 108 F.3d 878, 881 (8th Cir. 1997)

In considering a motion for judgment of acquittal based on the sufficiency of the evidence, the Court must "view the evidence in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that may be drawn from the evidence." United States v. Basile, 109 F.3d 1304, 1310 (8th Cir. 1997). The court can overturn a jury's verdict only if "'a reasonable fact-finder must have entertained a reasonable doubt about the government's proof'" of one of the essential elements of the crime charged. United States v. Kinshaw, 71 F.3d 268, 271 (8th Cir. 1995). Furthermore, as the Eighth Circuit Court of

Appeals has observed, the standard applies even when the conviction rests entirely on circumstantial evidence. <u>United States v. Wilcox</u>, 50 F.3d 600, 602–03 (8th Cir. 1995).

In addition to allowing a conviction to be based on circumstantial and/or direct evidence, the Eighth Circuit has instructed that "[t]he evidence need not exclude every reasonable hypothesis except guilt." <u>United States v. Baker</u>, 98 F.3d 330, 338 (8th Cir. 1996). The Court can neither weigh the evidence nor assess the credibility of the witnesses; these tasks belong exclusively to the jury. <u>United States v. Agofsky</u>, 20 F.3d 866, 869 (8th Cir. 1994). As another Court stated, "[a] trial court has neither the duty nor the authority to grant a motion for acquittal based on the credibility of a witness. <u>United States v. Kirkie</u>, 261 F.3d 761, 768 (8th Cir. 2001).

**B. Motion for a New Trial**

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. <u>United States v. Peters</u>, 462 F.3d 953, 957 (8th Cir. 2006).

A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (quoting White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" Peters, 462 F.3d at 957 (quoting United States v. Rodriguez, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." Campos, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" Id., (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review differs from the standard that is applied to a motion for judgment of acquittal:

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for

5

> judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

Lincoln, 630 F.2d at 1319; see also United States v. Johnson, 474 F.3d 1044, 1050-51 (8th Cir. 2007)(reiterating applicable standard).

In reviewing the evidence, the district court must consider it in its totality, not in a piece meal fashion. See United States v. Serrano-Lopez, 366 F.3d 628, 636 (8th Cir. 2004). "Where the choice is between two stories and reasonable jurors can differ in evaluating credible evidence, [this Court has] held that the trial judge should not grant a new trial on the grounds that the verdict is contrary to the weight of the evidence." United States v. Huerta-Orozco, 272 F.3d 561, 565 (8th Cir. 2001).

## III.  ANALYSIS

### A.  Motion for Judgment of Acquittal

In her brief, Ms. Schmitt argues that:

> Shirley Schmitt was convicted by nothing more than speculation and surmise. There was absolutely no evidence whatsoever of Shirley Schmitt coming to an agreement with anyone to manufacture methamphetamine. At best, the jury could interpret the evidence as Ms. Schmitt making methamphetamine for her own personal use. Without an agreement, there can be no conspiracy. Furthermore, there was no evidence that Shirley Schmitt possessed pseudoephedrine with the intention to manufacture methamphetamine from same. There was evidence that she had a legal and legitimate use for the pseudoephedrine she did possess. Furthermore, the introduction of the logs from the central Iowa database violated Shirley Schmitt's constitutional right to confrontation. The jury was ultimately permitted to rely on pill logs that violated Ms. Schmitt's constitutional right to confrontation and the non-credible testimony of established frauds and thieves. Aside from law enforcement, who based their misinformed opinions on that of cooperating witnesses with obvious motives to be less than truthful, the only witnesses presented by the government were individuals looking to reduce their federal sentences (John Gekas, Vickie (Shannon) Gekas, and David Robley) or avoid prosecution altogether (Kevin Blume, Charity Blume, Jacob Jepsen and Cassandra Morrow). The fact that materials consistent with the manufacture of methamphetamine, yet also consistent with life on a farm, were located in areas that others had unfettered access is of no

7

> consequence and is, again, part of the speculation prevalent in this case. Ms. Schmitt's defense witnesses demonstrated she was a person with medical conditions (Kirk Reitz) that had a legitimate purpose to possess pseudoephedrine, a good worker (Chris Loftus) and friend (Janet Balo).

Docket No. 111, p. 8-10.

As discussed above, the burden regarding a Motion for Acquittal is great. The Court must give deference to the Government's case and view the facts in the light most favorable to the guilty verdict. To succeed in her Motion, Ms. Schmitt must prove that no reasonable jury could have convicted her based on those facts.

The Government responds to Ms. Schmitt's Motion by pointing to the various evidence it presented at trial. The Government argues that:

> ...two separate search warrants were executed at defendant's residence (on February 17, 2010, and June 28, 2012), at which numerous items consistent with the manufacture of methamphetamine were found and seized by law enforcement. See Government Exhibits 201-237; 240-266 and testimony of DCI Criminalist Nila Bremer and DNE Agent Chris Nissen. Next DNE Agent Robert Jones testified regarding his undercover contact with defendant on June 28, 2012, during which he was introduced to defendant, provided her two boxes of pseudoephedrine with which she agreed to manufacture methamphetamine for the agent over the course of the next several hours.

8

> See testimony of DNE Agent Jones. And seven co-conspirators/cooperating witnesses [Cassandra Morrow, Charity Blume, Kevin Blume, John Gekas, Vicki Shannon (Gekas), David Robley and Jacob Jepsen] each testified regarding repeated purchases of pseudoephedrine (often at defendant's request) for defendant pursuant to a specific arrangement with defendant for defendant to manufacture methamphetamine. See testimony of cooperating witnesses. Several of these same cooperating witnesses described each of their specific observations of defendant's physical conduct in the manufacturing of the methamphetamine. Id. And cooperating witnesses Gekas, Robley, and Jepsen each described their own joint criminal conduct with defendant in various aspects of the methamphetamine manufacturing process. Id. Finally, business record evidence of defendant's purchase of nearly 100 grams of pseudoephedrine from about July 2010 through July 2012; and her co-conspirators purchase of nearly 400 grams of pseudoephedrine during this same approximate time period provides clear corroboration of the other evidence of defendant's involvement in the crimes for which she was convicted. See testimony of DNE Agent Nissen; Susie Sher; and Government Exhibits 301-307.

Docket No. 114, p. 4-5.

The Court is persuaded that the Government is correct. The Government presented sufficient evidence at the trial for a reasonable juror to convict Ms. Schmitt. As outlined above, the Government offered the testimony of Agent Jones, who, in an undercover sting, persuaded Ms. Schmitt to manufacture

9

methamphetamine for him. The Government also elicited testimony from several of Ms. Schmitt's friends and confederates regarding Ms. Schmitt's methamphetamine making operation and the agreements they had with her regarding making and using methamphetamine. If that testimony is believed, it is clear that Ms. Schmitt regularly made methamphetamine for herself, and she and her friends had a reciprocal arrangement whereby they would provide pseudoephedrine and Ms. Schmitt would make and distribute methamphetamine. Finally, as will be discussed more fully in the next section, the Government introduced pill logs that documented the large amount of pseudoephedrine purchased by Ms. Schmitt and her confederates during the applicable time period. Based on that evidence, the jury was well within its sound discretion to convict Ms. Schmitt of the charges in this case.

As noted in the Government's brief, Ms. Schmitt also attacks the credibility of her (former) friends who testified against her. Specifically, she argues that the witnesses were motivated by a desire to avoid prosecution or avoid harsh sentences. The Court cannot fault Ms. Schmitt for making this argument. However, it is well settled that the credibility of

witnesses, including potential bias, is a matter for the jury to decide. The jury in this case was presented with each witness' potential bias; the jury heard whether the witnesses were hoping to avoid prosecution or hoping to receive a lighter sentence. Based on the verdict, it is apparent that the Jury chose to believe the witnesses when they testified about Ms. Schmitt manufacturing methamphetamine. It is beyond the power and authority of this Court to disturb the jury's credibility determination. Accordingly, Ms. Schmitt's Motion for a Judgment of Acquittal must be denied.

**B. Motion for a New Trial**

Ms. Schmitt's second Motion is for a new trial. As discussed above, the Court is granted greater latitude in granting a new trial, but should only do so when the weight of the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.

In her Motion for a New Trial, Ms. Schmitt argues that:

> The District Court permitting the jury to be presented with the NPLEX pseudoephedrine logs maintained by the Iowa Office of Drug Policy with the Governor of Iowa's Office violated Shirley Schmitt's constitutional right to confrontation and has resulted in a miscarriage of justice which requires she receive a new trial.

Docket No. 111, p. 12. Ms. Schmitt goes on to argue that the logs were improper because the Court should have required individual store employees to lay foundation for the logs. Ms. Schmitt argues that the Government created the logs for the purpose of prosecution, and that Ms. Sher's, who maintains the central state database, testimony was not sufficient to lay foundation or authenticate the logs.

The Court discussed this matter at length with parties during the trial. Courts have repeatedly allowed these types of logs to be presented to the Jury. See <u>United States v. Mashek</u>, 606 F.3d 922 (8th Cir. 2010). In this case, Ms. Sher withstood intense cross examination by the Defendant and maintained that these logs are maintained by the State of Iowa for the health and safety of its residents, and not for the purpose of aiding prosecution. The Court is persuaded that Ms. Sher was able to lay proper foundation for the records, regarding how they are created, stored, and what they mean. Accordingly, it was proper to admit the pill logs into evidence and present them to the jury.

Ms. Schmitt maintains she was denied her right to confront adverse witnesses and her right to a fair trial when the Court admitted the logs. However, the Court notes that

the pill logs were of those people who actually testified at the trial. That is to say that the individuals who purchased the pills, including Ms. Schmitt herself, where present and testified at the trial. Accordingly, Ms. Schmitt did have the ability to confront any adverse witnesses whose pill logs were used against her.

Regardless of that fact, Ms. Schmitt argues she should have been able to question each pharmacy employee who oversaw the pseudoephedrine purchase that resulted in each pill log entry, so she could challenge the credibility of each pill log entry. (Ms. Schmitt's theory being that others, using false identification, may have bought pills. However, Ms. Schmitt has no credible argument that such fabrication occurred.) During the trial, and during the hearing on the present Motions, the Court noted that bringing each employee to testify was a practical impossibility. Presented with that statement, Ms. Schmitt's attorney responded that perhaps only one employee per pharmacy would be needed to testify. But, if that were the case, Ms. Schmitt would still not be able to verify each pill log entry through the clerk who sold the pills. The Court notes that contradiction merely to highlight another reason that Ms. Sher, the overall custodial of the

13

pill logs, was the proper person to lay the business records foundation for the pill logs.

As the Court discussed in the previous section, the Government presented substantial evidence of Ms. Schmitt's guilt.  The question currently is not whether this Court would have viewed the evidence in the same manner as the jury, and reached the same conclusion as the jury, but whether the weight of the evidence weighs so strongly against the jury's verdict that a misarrange of justice has occurred.  In this case, the Court is persuaded that the totality of the evidence supported the jury's verdict.  Because the weight of the evidence supports the jury's verdict, the Court cannot say that the jury's verdict creates a miscarriage of justice. Accordingly, Ms. Schmitt's Motion for A New Trial is denied.

**IV. CONCLUSION**

For the reason set out above, the Defendant's Motions for a Judgment of Acquittal and for a New Trial are denied.

**IT IS SO ORDERED** this 21st day of June, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa