# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SHIRLEY EILEEN SCHMITT, <br><br> Defendant. | No. CR12-4076-LTS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

This case is before me on defendant Shirley Eileen Schmitt's motion (Doc. No. 202) for compassionate release. The Government has filed a response (Doc. No. 206) and Schmitt has filed a reply (Doc. No. 207). Oral argument is not necessary. *See* Local Rule 7(c).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2013, Judge Donald E. O'Brien sentenced Schmitt to 120 months' imprisonment on one count of conspiracy to manufacture and distribute methamphetamine and one count of possession of pseudoephedrine with intent to manufacture methamphetamine.[1] *See* Doc. No. 166. In October 2015, while in Bureau of Prisons (BOP) custody, Schmitt was diagnosed with stage three breast cancer. *See* Doc. No. 202-3 at 1. In 2016, she underwent chemotherapy and a left breast modified radical mastectomy. *See* Doc. No. 202-4 at 1. She also completed postmastectomy radiation therapy and was prescribed a chemotherapy drug to take from then on. *See id.*

---

[1] Schmitt's current projected release date is March 29, 2022. Doc. No. 202-2 at 1.

On December 7, 2018, Schmitt underwent an imaging scan that showed her breast cancer had returned. Doc. No. 202-8. On December 17, 2018, her doctor wrote that "this is stage IV disease for which there is no cure." Doc. No. 202-9 at 2. On January 14, 2019, Schmitt was formally diagnosed with stage four breast cancer with metastasis in the bone, specifically the upper sternum. Doc. No. 202-7 at 3. On that date, Schmitt's doctor estimated her life expectancy to be greater than 18 months. *Id.* Schmitt began to receive chemotherapy in January 2019. *See* Doc. No. 202-11 at 1. On May 15, 2019, Schmitt underwent a whole-body imaging scan. Doc. No. 202-14. The scan confirmed Schmitt has metastatic breast cancer and destruction of bone in her sternum due to the cancer. *See id.* The scan also indicated the cancer has spread to Schmitt's lymph nodes and hilum. *See id.* On August 1, 2019, Schmitt underwent another imaging scan. Doc. No. 202-15. The scan indicated the cancer has worsened in Schmitt's upper chest and sternum but improved in her lymph nodes.[2] *See id.*

On January 23, 2019, Schmitt submitted a request for compassionate release based on her incurable breast cancer to Warden Upton at the Federal Medical Center in Carswell, Texas, where Schmitt is imprisoned. *See* Doc. No. 202-20. On February 5, 2019, Warden Upton denied Schmitt's request because she did not have an end-of-life trajectory. *See* Doc. No. 202-21 at 3. Schmitt requested reconsideration of the denial on March 5, 2019. *See id.* at 1. Warden Upton denied Schmitt's request again. *See* Doc. No. 202-22 at 3. Subsequently, on March 15, 2019, Schmitt filed an appeal with the BOP regional director. *See id.* at 1. The regional director denied the appeal because Schmitt does "not currently have a life expectancy of 18 months or less or an end-of-life trajectory." Doc. No. 202-23 at 2. On April 16, 2019, Schmitt filed an appeal with the BOP central office. *See id.* at 1. Schmitt has not received a decision from the BOP

---

[2] Schmitt also suffers from degenerative joint and disc disease, lymphedema, hypothyroidism and her left hand is perpetually swollen and tender. *See* Doc. Nos. 202-12, 202-13, 202-15, 202-16, 202-18. Additionally, she has a history of anxiety and depression. *See* Doc. No. 202-18.

2

central office—at least according to the record before me. *See* Doc. No. 202 at 10. On December 5, 2019, Schmitt filed the present motion for compassionate release. *See id*.

### III. COMPASSIONATE RELEASE STANDARDS

A court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step Act (FSA). *See* Pub. L. No. 115-391, § 603. In the past, 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of Bureau of Prisons (BOP). The FSA modified § 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, No. CV18-00513, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the FSA); *see also United States v. Perez-Asencio*, No. CR18-3611, 2019 WL 626175, at *2–3 (S.D. Cal. Feb. 14, 2019). Schmitt has exhausted all available remedies within the BOP. *See* Doc. Nos. 202-20, 202-21, 202-22, 202-23. While Schmitt is still waiting for a decision from the BOP central office approximately nine months after filing her appeal, I find there is nothing more Schmitt can do to administratively exhaust her remedies within the BOP. Further, the Government does not argue that Schmitt has filed to exhaust administrative remedies.

If a defendant fully exhausts administrative remedies, the court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that:

    (i) extraordinary and compelling reasons warrant such a reduction; or
    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the

offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A).

Schmitt does not meet the requirements of § 3582(c)(1)(A)(ii). She is under 70 years of age. *See* Doc. No. 202-2 (BOP record showing Schmitt is 61 years of age as of September 19, 2019). Accordingly, Schmitt's only possible avenue for relief is § 3582(c)(1)(A)(i).

The starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is the Sentencing Guideline discussing compassionate release issued by the United States Sentencing Commission. *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018); *see also United States v. Hall*, No. CR98-7, 2019 WL 6829951, at *3 (E.D. Ky. Dec. 13, 2019); *United States v. Rivernider*, No. CR10-222, 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). The Guideline provides that extraordinary and compelling reasons exist in the following circumstances:

(A) Medical Condition of the Defendant.—

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

This Guideline predates the FSA and has "not been amended to reflect that, under the FSA, a defendant may now move for compassionate release after exhausting administrative remedies." *Rivernider*, 2019 WL 3816671, at *2. Courts are split on whether the policy statement is binding because it predates the FSA's changes to 18 U.S.C. § 3582(c)(1)(A). A number of district courts have concluded that Guideline § 1B1.13 cmt. n.1 does not restrain a court's assessment of whether extraordinary and compelling reasons exist to release a defendant. *See, e.g., United States v. Rodriguez*, CR17-00021, 2019 WL 6311388, at *7 (N.D. Cal. Nov. 25, 2019); *United States v. Urkevich*, No. CR03-37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019); *United States v. Brown*, No. CR05-00227, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Fox*, CR14-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, CR13-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. CR05-458, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019). Other courts have concluded that extraordinary and compelling reasons exist only if they

5

are included in the Guideline. *See, e.g., United States v. Lynn*, No. CR89-0072, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019).

As I have previously stated, I agree with those courts that have found that although the Guideline provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the recent statutory changes. *United States v. Gotschall*, No. CR17-4031-LTS-4, Doc. No. 337, at *5 (N.D. Iowa Dec. 27, 2019); *see also Rodriguez*, 2019 WL 6311388, at *7 (Congress knew that the BOP rarely granted compassionate release requests prior to the FSA, and the purpose of the FSA is to increase the number of compassionate release requests granted by allowing defendants to file motions in district courts directly even after the BOP denies their request.); *Brown*, 2019 WL 4942051, at *3 (same).

## IV. DISCUSSION

Schmitt argues that her uncurable stage four metastatic breast cancer is a terminal illness pursuant to Guideline § 1B1.13 cmt. n.1(A)(i) and therefore constitutes an extraordinary and compelling reason. *See* Doc. No. 202 at 10. She also argues that a consideration of the factors in 18 U.S.C. § 3553(a) support her release. *See id.* at 15. The Government acknowledges that Schmitt suffers from a "serious medical condition," but argues that Schmitt should not be released because she is receiving treatment within the BOP. *See* Doc. No. 206 at 4. The Government also argues Schmitt should not be released because she is able to perform daily activities without assistance. *See id.* at 3.

### A. *Extraordinary and Compelling Reasons*

Guideline § 1B1.13 cmt. n.1(A)(i) provides that extraordinary and compelling reasons exist if a defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory." The Guideline does not define "end of life trajectory," but it does provide that it does not mean a specific prognosis of life

6

expectancy. U.S.S.G. § 1B1.13 cmt. n.1(A)(i) ("A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.").

I find that Schmitt is suffering from a terminal illness. She is clearly suffering from a serious and advanced illness. Approximately one year ago, she was diagnosed with stage four metastatic breast cancer after previously being diagnosed and treated for stage three breast cancer in 2015 and 2016. Schmitt's current cancer diagnosis also has an end-of-life trajectory. Schmitt's doctors have stated her cancer is one "for which there is no cure." Doc. 202-9 at 2. While Schmitt's doctor wrote on December 17, 2018, "she has limited disease and treatment can offer good control of disease," Schmitt still has incurable breast cancer. *Id*. Further, imaging scans in 2019 show that Schmitt's cancer is growing and spreading despite ongoing chemotherapy. Doc. Nos. 202-14, 202-15. Schmitt's doctor has estimated that she has more than eighteen months to live (Doc. No. 202-7 at 3), but the Guideline makes it clear that a specific prognosis of life expectancy is not determinative.

Guideline § 1B1.13 cmt. n.1(A)(i) states that an example of a terminal illness is "metastatic solid-tumor cancer." Schmitt's cancer diagnosis fits squarely into this example. Additionally, other district courts have granted compassionate release motions when defendants had advanced breast cancer or other types of advanced cancer. *See United States v. Pesterfield*, No. CR14-00014, Doc. No. 756, at *3 (E.D. Tenn. May 6, 2019) (defendant had stage IIIB metastatic colorectal cancer that had spread to her lymph nodes); *Beck*, 2019 WL 2716505, at *1 (defendant had invasive metastatic breast cancer that had spread to her lymph nodes); *United States v. Wong Chi Fai*, No. CR93-1340, 2019 WL 3428504, at *1 (E.D.N.Y. July 30, 2019) (defendant had metastatic papillary thyroid cancer that obstructed his airway); *United States v. Gasich*, No. CR14-63, 2019 WL 4261614, at *1 (N.D. Ind. Sept. 9, 2019) (defendant had stage four metastatic breast cancer that had spread to her bones, lymph nodes, chest muscle, wall, and liver); *United States v. Spears*, No. CR98-0208, 2019 WL 5190877, at *1 (D. Ore. Oct. 15, 2019) (defendant had metastatic prostate cancer).

The Government argues that there are no extraordinary and compelling reasons here because Schmitt is receiving treatment within the BOP and able to perform daily activities without assistance. *See* Doc. No. 206 at 3–4. However, the treatment Schmitt receives from the BOP and her ability to perform daily activities is irrelevant to whether she has a terminal illness as defined in Guideline § 1B1.13 cmt. n.1(A)(i). That Guideline does not require that a defendant suffering from a terminal illness be unable to participate in daily activities, nor does it require that the BOP is unable to treat the defendant. It requires only that a defendant is suffering from a terminal illness.

Guideline § 1B1.13 cmt. n.1(A)(ii) does state that extraordinary and compelling reasons exist if a defendant is suffering from a serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which she is not expected to recover. However, Schmitt does not argue that provision applies to her. She argues only that she has a terminal illness pursuant to Guideline § 1B1.13 cmt. n.1(A)(i). If Schmitt demonstrates that she is suffering from terminal illness, then extraordinary and compelling reasons exist, regardless of whether she is receiving adequate treatment from the BOP[3] or able to perform daily activities. Schmitt is suffering from a terminal illness, stage four metastatic breast cancer that is spreading to other parts of her body. Therefore, I find that extraordinary and compelling reasons warrant a sentencing reduction here.

### B.    *Danger to Any Other Person or to the Community*

Guideline § 1B1.13(2) provides that compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" Section 3142(g) outlines the factors

---

[3] I note that Schmitt has missed at least one chemotherapy appointment, although this alone does not constitute an extraordinary and compelling reason, nor does it impact my analysis of whether Schmitt is suffering from a terminal illness. *See* Doc. No. 202-11 at 1 (On January 28, 2019, Schmitt's doctor noted she "missed Day 8 treatment last week.").

a court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> >
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Schmitt's criminal conduct involved a controlled substance and she has a history of drug abuse. However, her criminal history does not involve violence. As to her characteristics, she is 61 years of age and suffering from stage four metastatic breast cancer. I also note that Schmitt, if released, plans to reside with her mother in Algona, Iowa. *See* Doc. No. 202-1 at 2. Her two sisters live near her mother and are available to assist Schmitt with her needs. *Id.* The presentence investigation report provides that Schmitt's mother and sisters have no history of substance abuse or criminal behavior. *See* Doc. No. 153 at ¶¶ 42, 44.

Further, Schmitt was granted pretrial release and had no known violations.[4] *See id.* at ¶ 3. She was also released pending sentencing after her trial, although the Eighth Circuit later reversed the court's order allowing post-trial release.[5] *See id.* While on pretrial release, Schmitt participated in, and completed, an inpatient and extended outpatient substance abuse treatment program. *Id.* at ¶ 53. In light of Schmitt's lack of violence, cancer diagnosis, strong family ties, success on pretrial release and completion of a substance abuse treatment program, I find that Schmitt is not a danger to the safety of any other person or to the community. Moreover, I find that any potential risk to the community can be managed by a term of supervised release. *See* Doc. No. 167 at 3–4 (upon release Schmitt will begin a five-year term of supervised release and will be subject to conditions of supervision).

C.      *Section 3553(a) Factors*

Section § 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Section 3553(a) provides:

> (a) Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

---

[4] Schmitt's conditions were modified to include electronic monitoring, but that change was based on comments Schmitt made during the final pretrial conference four days before the trial. *See* Doc. No. 97.

[5] That reversal had nothing to do with Schmitt's conduct. Rather, the Eighth Circuit found that Judge O'Brien erred in finding that exceptional reasons justified Schmitt's continued release. Doc. No. 129 at 2–3.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . .;]

(5) any pertinent policy statement [issued by the Sentencing Commission . . .']

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Schmitt's conduct in this case was very serious. However, she has served 77 months of her 120-month sentence. She has been diagnosed with stage four metastatic breast cancer and served a significant portion of her sentence while suffering from breast cancer and experiencing physical discomfort. This means that her sentence has been significantly more laborious than that served by most inmates. *See United States v. McGraw*, No. CR02-00018, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019); *Beck*, 2019 WL 2716505, at *11; *United States v. Gray*, No. CR02-00018, 2019 WL 4572816, at *5 (S.D. Ind. Sept. 20, 2019). Additionally, Schmitt will be on supervised release for five years upon her release.

In considering the Section 3553(a) factors, I note that if Judge O'Brien would have been able to grant Schmitt a lower sentence, he almost certainly would have. Schmitt had an advisory sentencing guidelines range of 168 to 210 months. Judge O'Brien

11

granted an initial 18-month downward variance based on the Section 3553(a) factors and an additional variance commiserate with Judge Bennett's opinion in *United States v. Hayes*, 948 F. Supp. 2d 1009 (N.D. Iowa 2013), based on a policy disagreement with the methamphetamine guidelines, thus sentencing Schmitt to the mandatory minimum of 120 months. *See* Doc. No. 182 at 103–104. In explaining why he could not sentence Schmitt below the mandatory minimum, Judge O'Brien stated, "if the court were to give her probation, the government would promptly appeal, and the Eighth Circuit Court of Appeal[s] would say, Judge O'Brien, you must not be able to read because you have ignored the rules, so I can't do that."[6] *Id.* at 100. Additionally, Judge O'Brien found that Schmitt was not safety valve eligible based on controlling Eighth Circuit precedent, but stated:

> I'm held back in relation to that regarding the cases I mentioned earlier, *Pinkin* and *Borougf*, that they seem to be against the defendant. I would think that the defendant might consider the possibility of appealing the matter of safety valve. If the circuit court of appeals decided that those cases are not controlling here, then she would get a safety valve, and we would be talking about a different situation than we are now.

*Id.* at 103.

I find that the applicable Section 3553(a) factors discussed above, and in relation to Schmitt's potential danger to the community, support her motion for compassionate release. Granting Schmitt's motion for compassionate release will still reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct and protect the public from further crimes. After considering all of the applicable factors, I find that Schmitt is eligible for compassionate release and will grant her motion.

---

[6] Judge O'Brien made similar statements in a letter he sent to defendant when he denied her relief under the "All Drugs Minus Two" guideline amendment. He stated, "[t]herefore, you are not entitled to a reduction in your sentence. Unfortunately, because your sentence is already at the mandatory minimum, I have no authority to reduce your sentence further. Accordingly, your sentence cannot be lowered by the 'All Drugs Minus Two' guideline change. I understand that this is disappointing, but here is nothing I can do at this time." Doc. No. 194-1.

## V. CONCLUSION

For the foregoing reasons:

1. Defendant Shirley Eileen Schmitt's motion (Doc. No. 202) for compassionate release is **granted**.

2. Schmitt's term of imprisonment is hereby **reduced** to **time served**.

3. However, execution of this order is **stayed** for ten (10) days to allow the Bureau of Prisons and U.S. Probation an opportunity to make the necessary arrangements for Schmitt's release.

4. All other aspects of the judgment (Doc. No. 167) remain in effect, including those related to Schmitt's term of supervised release.

5. The Clerk of Court shall provide a copy of this order to the Probation Office and the institution where Schmitt is incarcerated.

**IT IS SO ORDERED.**

**DATED** this 8th day of January, 2020.

_____
Leonard T. Strand, Chief Judge